*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
May 13, 2026
8:54 AM

*In re* ELDRIDGE/VASSER, Minors.

No. 375435
Wayne Circuit Court
Family Division
LC No. 2013-511705-NA

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Respondent-mother appeals as of right an order terminating her parental rights to the minor children KLV, NME, and AAE under MCL 712A.19b(3)(b)(*i*) (parent abused child), (b)(*ii*) (parent failed to prevent abuse), (g) (failure to provide proper care and custody), (i) (failure to rectify conditions that led to prior termination), and (j) (reasonable likelihood of harm if returned to parent's home). For the reasons set forth in this opinion, we affirm.[1]

## I. BACKGROUND

Following transfer of this matter from Oakland County to Wayne County, petitioner submitted an amended petition requesting that the trial court determine KLV, NME, and AAE lacked proper care and custody, assume jurisdiction over the children pursuant to MCL 712A.2(b)(1) and (2), and terminate respondent's parental rights at the initial disposition. BV is the legal father of KLV, and ME is the legal father of NME and AAE.

---

[1] This Court notes for the record that the State's brief was received days before the scheduled case call. Given the State's failure to timely file its brief in accordance with the applicable procedural rules and the Court's established deadlines, the Court has exercised its discretion to decline consideration of the State's brief in this matter. This decision is predicated upon the fundamental principles of fairness and due process, as well as the necessity of maintaining orderly and efficient judicial proceedings. Counsel for the State is *again* reminded that strict compliance with court-imposed filing deadlines is expected in all future matters before this Court.

During the adjudication phase of the termination proceedings, respondent entered a no-contest plea, permitting the trial court to exercise jurisdiction over the children pursuant to MCL 712A.2(b)(1) and (2), and establishing statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), (i), and (j). The factual basis supporting the plea indicated that respondent's children were exposed to domestic violence in the home, that respondent was arrested in the presence of the children for brandishing a firearm at a store, and that respondent's parental rights to four other children had previously been terminated following the death of a child.

At the best-interest hearing, foster care specialist Joanna Hammoud testified that termination of respondent's parental rights was in the children's best interests due to respondent's prolonged absence from their lives. Hammoud stated that Respondent visited the children only once—the day prior to the best-interest hearing—despite being assigned the case over six months earlier, being aware of weekly scheduled visitations, and receiving transportation assistance. Hammoud further testified that the Department of Health and Human Services (DHHS) became involved due to concerns regarding domestic violence, substance abuse, respondent's criminal charges, and physical neglect. The children were not bonded with respondent, and KLV struggled with respondent's ongoing absence. Respondent failed to attend the children's medical appointments and school functions and did not maintain regular contact with Hammoud, despite having been provided with her contact information. Additionally, respondent reported residing in a home without electricity, heat, or furniture.

Hammoud further testified that termination was in KLV's best interests, as it would provide her with permanency, stability, and finality. KLV was engaged in therapy to address issues stemming from parental absence and was reported to be thriving in the care of her paternal cousin. Hammoud also opined that termination was in NME's best interests due to respondent's extended absence from his life. Respondent did not contact NME's relative caregiver, despite having the necessary information. NME was recently diagnosed with attention deficit/hyperactivity disorder (ADHD) and lacked a bond with respondent, never mentioning or inquiring about her. In contrast, NME was thriving in the care of his paternal grandmother, with whom he shared a strong bond. Hammoud also testified that termination was in AAE's best interests, noting that at two years old, AAE was not bonded with respondent and appeared not to recognize her as her mother due to respondent's absence.

The trial court concluded that termination of respondent's parental rights was in the children's best interests. The court observed that it lacked sufficient information to assess respondent's parenting abilities, as Respondent had not visited the children for over a year. The court further found that the children required permanency, stability, and finality, which they were receiving in their respective placements. The court additionally noted respondent's prior failure to comply with a court-ordered service plan in 2013, concluding that she was unlikely to comply with a new service plan.

After the trial court terminated respondent's parental rights, BV informed the court of his intention to voluntarily relinquish his parental rights to KLV. BV also failed to comply with his service plan. Subsequently, ME's parental rights to NME and AAE were terminated due to noncompliance with his respective service plan. This appeal ensued.

## II. DISCUSSION

## A. STANDARD OF REVIEW

We review a trial court's finding that termination was in the children's best interests for clear error. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id*. at 709-710.

## B. BEST INTERESTS

Respondent argues that the trial court clearly erred by finding that termination of respondent's parental rights was in the best interests of the children.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5); see also *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012). The court's best-interests finding must be supported by a preponderance of the evidence. *In re White*, 303 Mich App at 713.

At the best-interest stage, the focus is on the child rather than the parent. *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022). "In assessing whether termination of parental rights is in a child's best interests, the trial court should weigh all evidence available to it." *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015). The trial court should consider a variety of factors, including "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App at 713 (quotation marks and citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714.

Respondent does not challenge her no-contest plea to the statutory grounds for termination under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), (i), and (j). Respondent's sole issue on appeal concerns the trial court's finding that termination was in the children's best interests. Upon thorough review of the record, we find no clear error in the trial court's conclusion that petitioner established, by a preponderance of the evidence, that termination served the children's best interests. The evidence demonstrates respondent's noncompliance with visitation requirements and a lack of any meaningful bond with her children. Over a year elapsed without respondent visiting her children, despite opportunities and assistance being provided to respondent. Such unwillingness to visit indicates a lack of commitment to providing proper care and prioritizing her children. The children, in turn, have not developed a bond with respondent due to her prolonged absence. The record further shows respondent did not maintain contact by other means and failed to attend important medical and school events for the children. In contrast, KLV and NME share a bond with their relative caregivers, and AAE is thriving in foster care. Therefore, respondent's deficient visitation history precluded the formation of a parent-child bond, weighing in favor of termination being in the children's best interests. *In re White*, 303 Mich App at 713.

The trial court properly emphasized the statutory requirement that children are entitled to permanency, stability, and finality. The record indicates respondent resided in a dwelling lacking basic utilities, namely electricity and heat. Testimonial evidence established that KLV engaged in counseling to address the psychological impact of parental absence. Notably, NME and AAE, both of tender years, exhibited little to no recognition of respondent: NME did not inquire about respondent, and AAE was unfamiliar with respondent's identity as their mother. Given these facts, the trial court correctly determined that termination would advance the children's interests in permanence and stability, as respondent's sporadic presence would likely engender confusion and undermine the children's psychological welfare. Over time, respondent's conduct demonstrated an inability to fulfill the statutory requirements for providing permanency and stability. *Id*. at 713–714.

Lastly, although the trial court noted that KLV and NME were placed in relative placements, which is a fact that weighs against termination, that fact is not a dispositive one "given that a trial court 'may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests.' " *In re Atchley*, 341 Mich App at 347, quoting *In re Olive/Metts*, 297 Mich App at 43. The trial court in this case found that termination was in the children's best interests despite the relative placement. We discern no clear error in this finding— respondent clearly had no serious inclination to visit her children for over a year, regardless of whether a relative or non-relative was caring for them.

Respondent has not shown on appeal that the trial court committed clear error in finding that termination of respondent's parental rights was in the best interests of the minor children.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman

-4-